This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Raymond D. Austin, has appealed from his classification as a sexual predator by the Summit County Court of Common Pleas. We affirm.
In 1991, Defendant pled guilty to five counts of rape, in violation of R.C. 2907.02(A)(1)(b). The victim was his nine-year-old stepdaughter. The trial court sentenced Defendant accordingly. This court subsequently affirmed Defendant's conviction. State v. Austin (Apr. 15, 1992), Summit App. No. 15277, unreported, at 2.
On April 16, 2001, following a hearing, the trial court adjudicated Defendant to be a sexual predator. The court journalized its judgment on April 30, 2001. Defendant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred when it found [Defendant] to be a sexual predator as that finding was against the manifest weight of the evidence.
In his assignment of error, Defendant argues that his classification as a sexual predator was against the manifest weight of the evidence. Specifically, Defendant asserts that the trial court erred in failing to consider the statutory factor set forth in R.C. 2950.09(B)(2)(f), which addresses whether the offender has participated in available programs for sex offenders. Defendant notes that he testified at the sexual predator hearing regarding his participation in numerous sex offender programs. Consequently, he maintains that the trial court's determination that Defendant would likely reoffend was not supported by clear and convincing evidence. We disagree with Defendant's contentions.
"This court applies the same standard in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction." State v. Linden (Feb. 2, 2000), Medina App. No. 2984-M, unreported, at 3. In reviewing a manifest weight challenge, this court:
 must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
A sexual predator, as defined by R.C. 2950.01(E), is a person who has "been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(1) provides that at the sexual predator hearing the trial court must provide both the state and the defendant with the opportunity to present evidence related to whether such a classification is appropriate. In making its determination whether the defendant is likely to reoffend, the trial court must consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
The court may determine that an individual is a sexual predator only if the evidence presented is clear and convincing that the individual is likely to reoffend. R.C. 2950.09(B)(3). If the evidence produces in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established, then the standard of clear and convincing evidence is satisfied. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. The clear and convincing standard requires more than a preponderance of the evidence, but does not require proof beyond a reasonable doubt. Id.
This court has previously held that the trial court in rendering a sexual predator determination does not need to mention each factor in its decision, but that the court need only consider each factor in making its decision. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported, at 7. Further, the factors need not be weighed or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant. State v.Francis (June 16, 1999), Summit App. No. 18791, unreported, at 6.
The record before the trial court was sufficient to meet the standard of clear and convincing evidence that Defendant was likely to reoffend. The police report, which details Defendant's confession, indicates that police discovered Defendant and his nine-year-old stepdaughter in a vehicle in the rear parking lot of a department store engaging in sexual intercourse. Defendant fled and police subsequently apprehended him. After his arrest, Defendant described to police the extensive sexual contact that he had with the child over the course of the two-year sexual relationship.
The presentence report indicates that Defendant stated that he was sexually involved with his stepdaughter from November 1989 until his arrest in April 1991. His stepdaughter was seven-years-old at the time the sexual relationship began, while Defendant was 26-years-old. He stated that the relationship started after his stepdaughter asked him questions regarding sexual matters. Defendant told police that he offered to demonstrate sexual activity to her and the child agreed. The report also stated that Defendant's sexual activity with his stepdaughter included intercourse, as well as oral sex. Furthermore, the report noted that Defendant did not express remorse for his actions and that he believed he did nothing wrong.
In this case, the tender age of the victim may be considered inherently indicative of a strong likelihood to reoffend, as evidenced by the following:
 The overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
State v. Maynard (1999), 132 Ohio App.3d 820, 826, quoting State v.Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, 1998 Ohio App. LEXIS 801. Moreover, this court has explained that multiple offenses involving young victims can, in and of themselves, be sufficient to support a sexual predator adjudication. See State v. Linton (Sep. 29, 1999), Summit App. No. 19170, unreported, at 17-18; State v. Hamilton
(Apr. 14, 1999), Lorain App. No. 97CA006793, unreported, at 7.
The trial court found that Defendant was a sexual predator based on the victim's age, Defendant's pattern of abuse, and other factors, which included Defendant's claim that the victim was responsible for Defendant's conduct. The court journalized its entry on April 30, 2001, in which it stated "The Court, having considered the record, statements of counsel, and the criteria set forth in [R.C. 2950.09] * * * finds by clear and convincing evidence that the Defendant IS a Sexual Predator, and likely to re-offend[.]"
Accordingly, we hold that the trial court properly considered the relevant statutory factors contained in R.C. 2950.09(B)(2). Furthermore, given the evidence presented to the trial court establishing Defendant's ongoing pattern of sexual abuse of his stepdaughter, along with her tender age, we find that the trial court had before it clear and convincing evidence that Defendant was likely to reoffend and should be adjudicated a sexual predator. The trial court's determination was not against the manifest weight of the evidence. Defendant's assignment of error is overruled.
Defendant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., CARR, J. CONCUR.